UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAIL PETROVICH and TROY R. PETROVICH | CIVIL ACTION |
| VERSUS | No. 07-6938 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION I/2 |

### ORDER AND REASONS

Before the Court is a motion for partial summary judgment as to extra-contractual damages, filed on behalf of defendant, State Farm Fire and Casualty Company ("State Farm").[1] Plaintiffs, Gail Petrovich and Troy R. Petrovich (the "Petroviches"), have filed an opposition memorandum. For the following reasons, the motion for partial summary judgment is **GRANTED**.

### *BACKGROUND*

The Petroviches owned their home in Nairn, Louisiana. State Farm issued a homeowner's insurance policy covering the home for certain losses. Plaintiffs allege that their home suffered substantial damage during Hurricane Katrina.[2] After plaintiffs reported the damage to State Farm, an adjuster was dispatched to the home and payments were eventually made to plaintiffs by State Farm.

Alleging that State Farm is liable for additional payments under the policy, the

---

[1] R. Doc. No. 15.

[2] R. Doc. No. 1-2, petition ¶ 4.

1

Petroviches filed this lawsuit in state court in August of 2007. State Farm removed the action to federal court on October 17, 2007.[3]

### *LAW AND ANALYSIS*

State Farm seeks dismissal of any claims the Petroviches have asserted for extra-contractual damages. It is clear from a reading of State Farm's memorandum of law that its motion is focused on plaintiffs' claims for mental anguish damages.[4] Under Louisiana law, certain circumstances allow plaintiffs to recover general damages, special damages, attorneys' fees and costs, and penalties from insurer defendants.[5] The focus of State Farm's motion is primarily on whether Louisiana law permits, as a component of those general damages, recovery for mental anguish or emotional distress. State Farm also argues, as an evidentiary matter, that the Petroviches have not presented competent evidence of emotional damages to the Court.

The petition's sole reference to general damages is contained in the generic prayer for relief in which the Petroviches seek "all general and special damages."[6] The Petroviches do not specify the nature of the general damages allegedly suffered.

The Petroviches claim that "State Farm is not entitled to partial summary judgment where it has not introduced any evidence on these elements of the claim."[7] The Petroviches' brief

---

[3] R. Doc. No. 1, notice of removal.

[4] R. Doc. No. 15-2, mem. opp'n 2.

[5] See La. Rev. Stat. Ann. §§ 22:658; 22:1220 (2008). An amendment to § 22:658 increasing the applicable penalty and providing for recovery of attorneys' fees became effective on August 15, 2006.

[6] Petition ¶ 17.

[7] Mem. opp'n 10.

improperly states the burden carried by the nonmovant on summary judgment. Indeed, "if the nonmoving party will bear the burden of proof at trial, then it is incumbent upon that party to set out specific facts showing that a genuine issue exists in order to defeat a summary judgment motion." Gates v. Auto Club Family Ins. Co., No. 06-4394, 2007 WL 1464259, at *2 (E.D. La. May 17, 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Even if the Court were to construe the petition to allege mental anguish and emotional suffering, "the nonmovant may not rest upon allegations in the pleadings" to show the existence of a genuine fact issue for trial. Triple Tee Golf, Inc. v. Nike, Inc., 485 F.3d 253, 261 (5th Cir. 2007). The Petroviches have not come forth with evidence of extra-contractual damages, including mental or emotional suffering, sufficient to withstand summary judgment.[8]

Because State Farm has identified the absence of a genuine issue of material fact with respect to the Petroviches' claim for mental anguish damages, its motion for partial summary judgment is **GRANTED**. As noted above, the focus of the parties' arguments in this motion was on mental anguish damages. Any such claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 28, 2008.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[8] Notably, counsel for the Petroviches does not argue that they suffered mental anguish damages. Instead, counsel repeatedly insists that State Farm has not proven that the Petroviches did not suffer those damages.